# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LLOYD EMERSON ELK,<br><br>    Defendant. | 5:24-CR-50044-CCT<br><br>**ORDER ON PRETRIAL NOTICES** |

## I.  Background

A grand jury indicted Defendant Lloyd Emerson Elk in a superseding indictment on six counts of aggravated sexual abuse of a minor, one count of abusive sexual contact, and one count of witness tampering. Docket 24. On June 21, 2024, this court held a pretrial conference, where it heard argument and ruled on notices of intent to offer evidence filed by the United States. Dockets 18–19, 27, 29. The court now formalizes its rulings with this Opinion and Order.

## II.  Legal Standard

"Evidentiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000). Judges retain the power to alter rulings on motions in limine because such rulings are "necessarily made before the relevance and import of the evidence is fully

revealed." *United States v. Spotted Horse*, 916 F.3d 686, 693 (8th Cir. 2019). If the court grants a motion to exclude information from trial, that information must not be mentioned during voir dire, opening and closing statements, or witness testimony, unless a hearing is held outside of the presence of the jury and the information's introduction is permitted.

### III.   Discussion

The court addresses the United States's notices filed at Dockets 27, 29, 18, and 19 in turn.

#### A.   Notice of Intent to Offer Other Sexual Acts Evidence

The United States filed a notice of intent to offer other sexual acts evidence. Docket 27. Elk filed a response in opposition to the United States's notice of intent. Docket 28. The notice at Docket 27 seeks to introduce evidence of uncharged acts of abuse against the alleged victim in this case, B.L.E., as well as uncharged offenses committed against S.F.H., A.K., and B.H.

##### i.   Other Acts of Abuse Against B.L.E.

In Subpart B of its notice at Docket 27, the United States stated its intention to offer evidence of other acts of uncharged abuse committed by Elk upon B.L.E. Docket 27 at 3. The United States argues that this evidence is intrinsic to the crime and therefore admissible. *Id.*

"[I]ntrinsic evidence is evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the charged crime occurred." *United States v. Guzman*, 926 F.3d 991, 999–1000 (8th Cir. 2019) (*quoting United States v. Campbell*, 764 F.3d 880, 888 (8th Cir.

2

2014) (cleaned up)). It includes evidence that is central to the charged offenses, as well as information that provides background or context to those offenses. *See Guzman*, 926 F.3d at 999–1000. In admitting intrinsic evidence, the court must still consider Federal Rule of Evidence 403. *Id.* at 1000. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

      The court finds that the other acts of alleged abuse noticed in Subpart B of Docket 27 are admissible as intrinsic evidence. The allegations that Elk tried to kiss B.L.E., touch B.L.E. on the thighs, and sexually abuse B.L.E. on other occasions gives context to the circumstances under which the charged offenses occurred.

      The court also finds the that the evidence noticed in Subpart B of Docket 27 is admissible under Federal Rule of Evidence 404(b). Under Rule 404(b), evidence of other acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Here, the uncharged conduct occurred during the same period as the charged offenses and is relevant to the methods of abuse Elk allegedly utilized to carry out the charged offenses. Thus, the evidence of other acts of abuse against B.L.E. noticed in Subpart B is admissible as both intrinsic evidence and as evidence of other acts under Rule 404(b).

3

### ii.     Other Acts of Abuse Against S.F.H.

In Subpart C of its notice at Docket 27, the United States stated its intention to offer evidence that the defendant raped a seven-year-old girl, S.F.H., in 1998, and that he threatened to kill her great-grandparents if she disclosed the abuse. Docket 27 at 3–4. The United States argues that evidence of Elk's alleged offenses against S.F.H. is admissible under Federal Rule of Evidence 414. *Id.* at 4.

Rule 414 permits the court in a case where the defendant is accused of child molestation to "admit evidence that the defendant committed any other child molestation," which "may be considered on any matter to which it is relevant." Fed. R. Evid. 414. There is no time limit on evidence of prior child molestations admitted under Rule 414. *United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001). Rule 413 allows the court to admit evidence of a similar sexual assault in cases where the defendant is accused of sexual assault. Fed. R. Evid. 413. When considering whether to admit evidence under either rule, the court must weigh the probative value and risk of unfair prejudice pursuant to Rule 403. *See Gabe*, 237 F.3d at 959–60.

The court finds that the evidence noticed in Subpart C as to S.F.H. is admissible under Rules 413 and 414. The two girls were of similar ages. Elk allegedly had access to both girls because he lived with them and was in a relationship with an adult female in the home. He allegedly used force against both girls, and threatened their family members with violence if they disclosed the abuse. Because of the similarities between the victims and the alleged

4

conduct, the evidence is relevant, and its probative value is not outweighed by the risk of unfair prejudice. Thus, the evidence of other acts of abuse against S.F.H. noticed in Subpart C is admissible.

### iii. Other Acts of Abuse Against A.K and B.H.

In Subparts D and E of its notice at Docket 27, the United States stated its intention to offer evidence that the defendant sexually assaulted A.K. and B.H. pursuant to Rule 413. *See* Docket 27 at 4–5.

The court finds that the evidence noticed in Subparts D and E is not admissible under Rule 413. A.K. and B.H. were adult women at the time of the alleged sexual assaults and were married to or in a relationship with Elk. Although some aspects of their proposed testimony may overlap with the allegations made by B.L.E., the other alleged acts were not similar enough to the conduct for which Elk is currently on trial. The court finds that the risk of unfair prejudice to the defendant outweighs the probative value of the evidence noticed in Subparts D and E. Thus, the evidence of other acts of abuse against A.K. and B.H. noticed in Subparts D and E is not admissible.

### B. Notice of Intent to Offer Intrinsic Evidence and Rule 404(b) Evidence

The United States filed a notice of intent to offer intrinsic evidence and Rule 404(b) evidence. Docket 29. Elk filed a response in opposition to the United States's notice of intent. Docket 30. The United States's notice at Docket 29 seeks to introduce first, evidence of domestic violence perpetrated by Elk against B.L.E.'s mother, B.H., and her older brother, T.L.E., in B.L.E.'s home. Docket 29 at 1–3. Second, it notices proposed evidence of physical and

5

sexual abuse by Elk against A.K. *Id.* at 3. Third, it notices evidence of an alleged rape of S.F.H. by Elk and subsequent threats made by him to garner her silence. *Id.* at 3–4.

The court finds that testimony by B.L.E. as to why she was afraid to disclose the abuse, including violence she witnessed by the defendant against B.H. and T.L.E. in her home, is admissible. To support a conviction for witness tampering, the United States must prove that Elk used "force or the threat of physical force" with the intent to "hinder, delay, or prevent the communication to a law enforcement officer . . . of information relating" to the abuse. 18 U.S.C. § 1512(a)(2). The proposed testimony by B.L.E. noticed at Docket 29 is relevant to the issue of whether force or the threat of force was used to garner her silence. Moreover, the probative value of B.L.E.'s testimony about acts of domestic violence in her home is not outweighed by the risk of unfair prejudice.

The court reserves ruling on whether the testimony of B.H. and T.L.E. as to other acts of physical domestic violence committed by Elk against them is admissible. The admissibility of that evidence may depend on the evidence at trial, whether B.L.E.'s credibility is called into question, and the court's judgment as to whether their testimony is cumulative with other evidence. Likewise, the court reserves ruling on the admissibility of testimony by A.K. as to physical domestic violence Elk perpetrated against her.

The court already found that evidence of alleged sexual assaults perpetrated by Elk against A.K. and B.H. as noticed at Docket 27 is not admissible because the conduct at issue was not similar enough to the conduct

6

for which Elk is currently on trial, and the probative value of such evidence is outweighed by the risk of unfair prejudice to Elk. To the extent that Docket 29 also notices evidence concerning sexual assaults against A.K. and B.H., that evidence is not admissible.

The court already found the evidence noticed at Docket 27, consisting of testimony by S.F.H. as to the alleged 1998 sexual assault, to be admissible under Rules 413 and 414. The court now finds that the evidence as to the 1998 sexual assault against S.F.H. is also independently admissible under Rule 404(b), as argued by the United States at Docket 29.

### C. Notice of Expert Witness: Hollie J. Strand

The United States filed a notice of intent pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) to offer the expert testimony of Hollie J. Strand. Docket 18. "The United States intends to call [Strand] as an expert in the fields of sexual abuse, child sexual abuse, and common behaviors of sex offenders, including grooming." *Id.* at 1. Elk objects to the United States's notice. Docket 31.

An expert witness "who is qualified as an expert by knowledge, skill experience training or education" may testify if the expert's "knowledge will help the trier of fact understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The proponent of the evidence must demonstrate that the expert witness's testimony is "based on sufficient facts or data" and "the product of reliable principles and methods," and that the expert witness reliably applied those principles and methods. *Id.* Some factors the court may

7

consider in deciding whether expert testimony is scientific knowledge that will assist the trier fact include whether the knowledge can be tested, is subject to peer review, has a known or potential error rate, and is widely accepted in the scientific community. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–94 (1993). The inquiry is flexible, but its "overarching subject is the scientific validity and thus the evidentiary relevance and reliability—of the principles that underlie a proposed submission." *Id.* at 594–95.

Strand has studied in the areas of psychology, criminology, counseling, corrections, and forensic science, and has significant professional experience in those fields. Strand's testimony is reliable and based on scientific research on sexual abuse. The noticed testimony is relevant to the allegations of sexual abuse and to Elk's intent. Strand's specialized knowledge will be helpful to the jury in understanding grooming behaviors.

"When assessing the admissibility of proffered scientific expert testimony under Rule 702, the trial court must also take into account the interplay of other rules evidence, such as Rule 403[.]" *United States v. Kime*, 99 F.3d 870, 884 (8th Cir. 1996).  After considering Rule 403, the court finds that Strand's testimony is not unfairly prejudicial, and its probative value outweighs the danger of unfair prejudice to the defendant. Strand's testimony is not cumulative and does not present a significant risk of confusing the issues or misleading the jury.

After considering the *Daubert* factors and Rules 403 and 702, the court finds Strand's testimony admissible as noticed by the United States at Docket

18.

    **D.    Notice of Expert Witness: Krista Heeren-Graber**

The United States filed a notice of intent pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) to offer the expert testimony of Krista Heeren-Graber. Docket 19. "The United States intends to call [Heeren-Graber] as an expert regarding the dynamics of domestic violence cases, including the cycle of violence, power and control tactics of an abuser, as well as other aspects of the dynamics of domestic violence cases." *Id.* at 1. Elk objects to the United States's notice.

Because Heeren-Graber's testimony pertains to the issue of domestic abuse, and the court has reserved ruling on the admissibility of testimony by B.H, T.L.E. and A.K. as to physical violence perpetrated against them by Elk, the court also reserves ruling on the admissibility of Heeren-Graber's testimony at this time.

**IV.    Conclusion**

Therefore, for good cause, it is hereby

ORDERED that the testimony noticed at Docket 18 is admissible. It is further

ORDERED that the court reserves ruling on the testimony noticed at Docket 19. It is further

ORDERED that the testimony noticed at Docket 27 is admissible and excluded to the extents explained above. It is further

ORDERED that the testimony noticed at Docket 29 is admissible and

9

excluded to the extents explained above.

      Dated June 28, 2024.

                                BY THE COURT:

                                /s/ *Camela C. Theeler*
                                CAMELA C. THEELER
                                UNITED STATES DISTRICT JUDGE